

# CT Corporation

**Service of Process Transmittal**
12/11/2013
CT Log Number 524043040

**TO:** Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A2East
Northbrook, IL 60062-6127

**RE:** Process Served in Georgia

**FOR:** Allstate Indemnity Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donna L. Johnson, Pltf. vs. Allstate Indemnity Company, Dft. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint, Exhibit(s), Information Form |
| **COURT/AGENCY:** | Fulton County Superior Court, Fulton, GA<br>Case # 2013CV239545 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of Contract - Policy benefits claimed for the loss of property due to theft |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/11/2013 at 10:10 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Steven J. Strelzik<br>Law Offices of Steven J. Strelzik, P.C.<br>6 Concourse Parkway - Suite 1920<br>Atlanta, GA 30328<br>404-237-5121 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/12/2013, Expected Purge Date: 12/17/2013<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Bill Boodro wboodro@allstate.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tyeasha Harris |
| **ADDRESS:** | 1201 Peachtree Street, N.E.<br>Suite 1240<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |

Handwritten: 9/10/13 Friday   1-3392

Page 1 of 1 / LA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "A"

# SHERIFF'S ENTRY OF SERVICE

TUS
O

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2013CV239545

Date Filed 11-25-13

Attorney's Address
Steven J. Strelzik
Suite 1720
6 Concourse Pkwy
Atlanta, GA 30328

Name and Address of Party to be Served.
Dale W. Smith, CT Corp.
1201 Peachtree St, N.E.
Atlanta, GA 30361

| | |
|---|---|
| Superior Court | ☑ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, Fulton COUNTY

Donna L. Johnson
_____
Plaintiff

VS.

Allstate Indemnity Company
_____
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant Allstate Indemnity Company a corporation
☑ by leaving a copy of the within action and summons with A Hasty CT (Corp.) in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This 11 day of DEC, 2013.

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____    WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

DONNA L. JOHNSON

Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY

Defendant

Case No.: 2013CV239545

**TO THE ABOVE NAMED DEFENDANT(S):**

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

Steven J. Strelzik
Suite 1920
6 Concourse Parkway
Atlanta, GA 30328

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This __25__ day of __November__, 20__13__

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you __11 Dec__, 20__13__

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



FILED IN OFFICE
NOV 25 2013
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| DONNA L. JOHNSON, | } |
| Plaintiff, | } |
| | } |
| v. | } CIVIL ACTION FILE<br>NO. 2013CV239545 |
| ALLSTATE INDEMNITY<br>COMPANY, | } |
| Defendant. | } |

## COMPLAINT FOR DAMAGES

COMES NOW Donna L. Johnson ("Plaintiff"), plaintiff in the above-styled matter, and states her claim for damages against Allstate Indemnity Company ("Allstate") as follows:

### *Parties, Jurisdiction and Venue*

1.

Plaintiff is an individual residing in Cherokee County, Georgia. Plaintiff is a party to a contract of insurance issued by Allstate and brings this action pursuant to such contract.

2.

Allstate is an Illinois corporation qualified to transact business in Georgia. Allstate offers and sells policies of insurance within the State of Georgia and is therefore subject to jurisdiction of the Courts located within Georgia. Allstate may be served through its resident agent in the State of Georgia, to wit: Dale W. Morris, CT Corp., 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361. Venue of this action is properly vested in the Superior Court of Fulton County.

### *Statement of Facts*

3.

On or about August 20, 2012, Allstate issued its Policy Number 9 10 973724 08/20 (the "Policy") insuring the real property and improvements located at 616 Apache Trail, Woodstock, Cherokee County, Georgia (the "Property"). In addition to the Property the Policy covered certain contents of the Property including, without limitation, jewelry (collectively, the jewelry and contents of the Property are referred to as the "Personal Property").

4.

The Policy was effective from August 20, 2012, at 12:01 a.m. standard time and had no fixed date of expiration. The Policy's Premium Period began on August 20, 2012, and continued through and until August 20, 2013, at 12:01 a.m. standard time.

5.

During the term of the Policy certain items of Personal Property were stolen from the Property. Upon information and belief, the value of the stolen Personal Property was not less than $218,375.00.

6.

Plaintiff made a claim for the value of the stolen Personal Property pursuant to the terms of the Policy. Allstate investigated Plaintiff's claim and, following notice that, amongst other things, suit would be filed if the claim were not approved, Allstate provided Plaintiff an extension to bring suit to enforce the Policy in the event Plaintiff's claim was denied. A true and correct copy of the correspondence from Allstate's counsel agreeing to extend the time to file suit to enforce Plaintiff's rights under the Policy is attached hereto as Exhibit "A."

7.

Allstate denied Plaintiff's claim by letter dated October 30, 2013. A true and correct copy of that letter is attached hereto as Exhibit "B."

8.

As of the date of the filing of this action Allstate continues to deny coverage for Plaintiff's claimed loss and has failed and refused to pay any portion of such claim.

### *Count One – Breach of Contract*

9.

Plaintiff incorporates by reference herein each and every allegation set forth in paragraphs 1 through 8, above, inclusive, as though fully set forth herein verbatim.

10.

Allstate's failure to pay the claim for loss of Personal Property submitted by Plaintiff constitutes a breach by Allstate under the terms of the Policy.

11.

As a result of Allstate's breach of the terms of the Policy Plaintiff has suffered actual damages in an amount which is not less than $218,375.00 and which will be more particularly proven upon trial of this matter.

### *Count Two – Bad Faith*

12.

Plaintiff incorporates by reference herein each and every allegation set forth in paragraphs 1 through 11, above, inclusive, as though fully set forth herein verbatim.

13.

Allstate has acted in bad faith in refusing to pay Plaintiff's loss after proper demand was made and Allstate is therefore liable to Plaintiff, in addition to said loss, for a sum equal to fifty percent (50%) of the liability of Allstate for said loss plus reasonable attorney's fees, which amount will be more particularly proven upon trial of this matter.

### Count Three – Interest

14.

Plaintiff incorporates by reference herein each and every allegation set forth in paragraphs 1 through 13, above, inclusive, as though fully set forth herein verbatim.

15.

Plaintiff is entitled to recover interest upon her claim at the statutory rate from at least the date of the denial of her claim by Allstate, which amount will be more particularly proven upon trial of this matter.

Wherefore, having fully set forth her claim for damages against Allstate, Plaintiff respectfully requests the following relief:

a) Judgment in favor of Plaintiff and against Allstate for the allegations set forth in Count One in an amount which will be more particularly proven at trial; and

b) Judgment in favor of Plaintiff and against Allstate for the allegations set forth in Count Two in an amount which will be more particularly proven at trial; and

c) Judgment in favor of Plaintiff and against Allstate for the allegations set forth in Count Three in an amount which will be more particularly proven at trial; and

d) Such other and further relief as the Court may deem just and proper; and

e) That this matter be tried before a jury.

Respectfully submitted this 25th day of November, 2013.

Steven J. Strelzik
State Bar of Georgia No. 687025
sstrelzik@sjslawga.com
Mary Trachian-Bradley
State Bar of Georgia No. 774440
mtrachian@sjslawga.com
*Attorneys for Plaintiffs*

Law Offices of Steven J. Strelzik, P.C.
6 Concourse Parkway – Suite 1920
Atlanta, Georgia 30328
(404) 237-5121
(404) 266-3516 – Facsimile

# EXHIBIT "A"



**WEBB, ZSCHUNKE NEARY & DIKEMAN, LLP**
ONE SECURITIES CENTRE
SUITE 1210
3490 PIEDMONT ROAD NE
ATLANTA, GEORGIA 30305
TEL: 404.264.1080
FAX: 404.264.4520
WWW.WZND.NET

DENNIS J. WEBB (RET.)
WILLIAM E. ZSCHUNKE
BRIAN R. NEARY
MARVIN D. DIKEMAN
MELISSA C. PATTON
SHANE E. BARTLETT
ANDREI V. IONESCU

October 21, 2013

**VIA FACSIMILE ONLY AT (404) 266-3516**
**AND VIA REGULAR U.S. MAIL**
Steven J. Strelzik, Esq.
6 Concourse Parkway, Suite 1920
Atlanta, GA 30328

    RE:    Donna L. Johnson - Claim
              Claim Nos.: 0270935562; 0270546682 (SPP-jewelry)
              Reported Date of Loss: 11/08/12
              Location: 616 Apache Trail, Woodstock, GA 30189
              Our File No.: 1-3392

Dear Mr. Strelzik:

        I acknowledge receipt of your letter to me dated October 17, 2013, as well as the attached copies of Ms. Johnson's 2009, 2010 and 2011 tax returns.

        On page 2 of your letter, you expressed some confusion about Allstate's request that Ms. Donna Johnson produce copies of pre-suit communications between her, and her attorneys and representatives, and Lisa Johnson, and her attorneys and representatives. It is my understanding that there may have been communications regarding the living arrangements at 616 Apache Trail, the report of a theft of items to the Cherokee County Sheriff's Department, the alleged theft and removal of items from the house by Lisa Johnson when she moved out, etc. Allstate also realizes that there was more than one attorney involved for each party involving these issues. Allstate is again requesting copies of letters, correspondence, e-mails, faxes, etc. exchanged prior to the filing of the Cobb County State Court lawsuit in regard to these and similar issues.

        Also, please have Ms. Johnson forward to me copies of any e-mails which she received from or sent to Lisa Johnson regarding her living in and moving out of 616 Apache Trail. Donna Johnson testified about these e-mails at her Examination Under Oath.

October 21, 2013
Page 2 of 2

Also, as you instructed, I will write a letter to Attorney Randy New of the Kitchens, New & Kleghorn law firm in an effort to obtain copies of the Witness Affidavits that Allstate previously requested from Donna Johnson and you in the Fulton County matter. I will carbon copy you on this letter so the Kitchens law firm will know that it is done with yours and Ms. Johnson's approval. Based on my previous communications with that law firm, I am not optimistic that Allstate will be receiving these requested documents in the near future.

Please be advised that Allstate intends to move forward and make a decision on Ms. Johnson's theft loss claims based on the current information provided. Allstate intends to make this decision within the next ten (10) business days. Pursuant to your request, if Allstate does decide to deny Ms. Johnson's theft loss claims, please be advised that I have been authorized by Allstate to inform you that you will have thirty (30) days from the date of the denial letter to timely file a lawsuit on Ms. Johnson's behalf which will be deemed to comply with the one year suit limitation in the Policy.

Please be advised that Allstate continues to reserve all rights and defenses which it may have to Ms. Johnson's theft loss claims. Also, Allstate waives nothing as far as compliance with its Policy terms. Please give me a call with any questions or if I might be of assistance. Thank you.

Very truly yours,

WILLIAM E. ZSCHUNKE

WEZ/lrm

# EXHIBIT "B"



October 30, 2013

Steven J. Strelzik, Esq.
6 Concourse Parkway, Suite 1920
Atlanta, GA 30328

      RE:    Donna L. Johnson - Claim
              Claim Nos.: 0270935562; 0270546682 (SPP-jewelry)
              Reported Date of Loss: 11/08/12
              Location: 616 Apache Trail, Woodstock, GA 30189

Dear Mr. Strelzik:

      As you know, Allstate has been investigating Donna Johnson's theft loss claims of numerous items which reportedly occurred at her house located at 616 Apache Trail, Woodstock, Georgia 30189 some time between Memorial Day weekend, 2012 and November 8, 2012. Allstate's investigation included taking Ms. Johnson's Examination Under Oath at your office. Ms. Johnson and your office have also produced documents, at Allstate's request, including the deposition transcript of Elizabeth Johnson, Donna Johnson's spouse/domestic partner, which was taken by Ms. Johnson's attorney in the pending lawsuit entitled <u>Donna Johnson v. Elizabeth Johnson</u>, Cobb County State Court, Civil Action File No. 2012A4065-3. I must inform you that Allstate respectfully denies Ms. Johnson's theft loss claims.

      Based on Allstate's investigation to date, the evidence shows that a theft loss has not occurred. This is part of an ongoing civil domestic dispute between Donna Johnson and her spouse/former domestic partner, Lisa Johnson. For example, Allstate has contacted investigators with the Cherokee County Sheriff's Department. That Department believes that the dispute between Donna Johnson and Elizabeth Johnson is a civil one, not a criminal one. The Sheriff's Department does not believe there is sufficient evidence to even proceed with a criminal case against Donna Johnson's spouse/domestic partner, Lisa Johnson. Allstate was also informed that the parties' attorneys had previously agreed to handle this dispute in civil court rather than criminal court. Also, for example, Lisa Johnson has testified that a large number of these reportedly stolen items were hers, were gifts from Donna Johnson, were items purchased for their two children, were jointly owned, etc. Also, contrary to what Donna Johnson has informed Allstate, the Cherokee County Sheriff's Department personnel stated that Donna Johnson was advised that she could attempt to press criminal charges on her own and obtain a warrant for Lisa Johnson's arrest and request a probable cause hearing. Also, Donna Johnson did not report this matter to the Sheriff's Department for approximately one month after Lisa Johnson reportedly left the house at 616 Apache Trail. Also, Donna Johnson visited the house on at least two occasions after Memorial Day and was free to take her jewelry or other items. Again, these are just examples explaining why Allstate does not believe that a theft has occurred under the Policy.

G52-2

October 30, 2013
Page 2 of 2

Also, based on Allstate's investigation to date, it is believed that Ms. Johnson has concealed or misrepresented material facts or circumstances to Allstate during its investigation and in submitting her claim in violation of the Policy terms.

Based on its decision to deny Ms. Johnson's theft loss claims, please be advised that Allstate respectfully rejects Ms. Johnson's Proof Of Loss Form and Contents List.

Please be advised that if Ms. Johnson or yourself receives any communications from Allstate, or anyone acting on its behalf, in regard to Ms. Johnson's theft loss claims which, in any way, contradict the information contained in this letter, please disregard them.  Ms. Johnson's claims stand denied and should be treated that way by her. Any communications to the contrary would be the result solely of a clerical or computer error. Also, please be advised that Allstate continues to reserve all rights and defenses to Ms. Johnson's theft loss claims, pursuant to both the terms of the Allstate Policy and applicable law.  In other words, all rights and defenses are specifically reserved by Allstate to Ms. Johnson's claims in the past, present and in the future. Also, Allstate waives nothing as far as compliance with its Policy terms. If Ms. Johnson disagrees with Allstate's decision, please have her refer to the terms contained in the Allstate Policy. If you or Ms. Johnson needs another Policy jacket, for whatever reason, in the future, please send me a request in writing and I will send you one.

Please give me a call if you have any questions about the information contained in this letter or if I might be of assistance.

Sincerely,

*Brenda J. Fuller*

Brenda T. Fuller
Staff Claim Service Adjuster
ALLSTATE INSURANCE CO.

cc: Donna L. Johnson
    4979 Old Highway 5
    Canton, GA 30115-7419

# General Civil Case Filing Information Form (Non-Domestic)

**Court**  
☑ Superior  
☐ State  

**County** FULTON  
**Docket #** 2013CV239545  

**Date Filed** 11/25/2013  
MM-DD-YYYY  

FILED IN OFFICE  
NOV 25 2013  
DEPUTY CLERK SUPERIOR COURT  
FULTON COUNTY, GA  

**Plaintiff(s)**  
JOHNSON, DONNA L.  
Last   First   Middle I.   Suffix   Prefix   Maiden  

Last   First   Middle I.   Suffix   Prefix   Maiden  

Last   First   Middle I.   Suffix   Prefix   Maiden  

Last   First   Middle I.   Suffix   Prefix   Maiden  

**Defendant(s)**  
ALLSTATE INDEMNITY COMPANY  
Last   First   Middle I.   Suffix   Prefix   Maiden  

Last   First   Middle I.   Suffix   Prefix   Maiden  

Last   First   Middle I.   Suffix   Prefix   Maiden  

Last   First   Middle I.   Suffix   Prefix   Maiden  

**No. of Plaintiffs** 1  
**No. of Defendants** 1  

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se  

STRELZIK, STEVEN J.  
Last   First   Middle I.   Suffix  

**Bar #** 687025  

**Check Primary Type (Check only ONE)**

☑ Contract/Account  
☐ Wills/Estate  
☐ Real Property  
☐ Dispossessory/Distress  
☐ Personal Property  
☐ Equity  
☐ Habeas Corpus  
☐ Appeals, Reviews  
☐ Post Judgment Garnishment, Attachment, or Other Relief  
☐ Non-Domestic Contempt  
☐ Tort (If tort, fill in right column)  
☐ Other General Civil Specify _____  

**If Tort is Case Type:**  
(Check no more than TWO)

☐ Auto Accident  
☐ Premises Liability  
☐ Medical Malpractice  
☐ Other Professional Negligence  
☐ Product Liability  
☐ Other Specify _____  

Are Punitive Damages Pleaded? ☐ Yes ☐ No