**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DONNA L. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-00058-RWS |
| ALLSTATE INDEMNITY COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

This case is before the Court for consideration of Defendant Allstate Indemnity Company's Motion for Summary Judgment [12]. After reviewing the record, the Court enters the following Order.

### **Background**[1]

After meeting in 2003, Plaintiff and her eventual domestic partner, Elizabeth Lopez ("Lopez") began living together at Plaintiff's house located at 616 Apache Trail, Woodstock, Georgia (the "subject property"). Allstate issued

---

[1]The Background is taken from Defendant's Statement of Material Facts to Which There is No Genuine Issue to be Tried [12-2].

AO 72A
(Rev.8/82)

a homeowners policy of insurance (the "Allstate policy") to Plaintiff for the subject property. Plaintiff and Lopez eventually became engaged, and with the use of a sperm donor, Lopez gave birth to a son and a daughter. In 2011, Plaintiff legally adopted the children and the couple shared joint custody of them. In October 2011, Plaintiff and Lopez traveled to New York and were legally married in the state of New York. The subject property was the family home in which they were raising their two children.

    Memorial Day weekend in 2012, Plaintiff and Lopez got involved in a domestic dispute which resulted in Lopez filing domestic violence charges against Plaintiff. A Cherokee County judge issued a temporary protective order against Plaintiff, and based on the provisions in the order, Plaintiff moved out of the subject property. The parties subsequently reached a temporary settlement agreement that allowed Lopez and the children to temporarily remain at the subject property. As part of the agreement, Plaintiff was required to pay Lopez child support and personal support. At the time, they did not reach an agreement on the division of personal property, and that issue remains unresolved. Plaintiff and Lopez had discussions over the following months

about the division of their personal property, and according to Lopez, Plaintiff gave her authority to take certain property with her when she left.

In late October or early November 2012, Lopez and the children moved out of the subject property. The move was not clandestine in any way. It happened in the middle of the day. Lopez took certain items of furniture, her children's clothing, and items and other personal property with her. Some of the items taken had been purchased by the couple over the ten-year relationship together. Lopez only took items that she believed were rightfully hers or her children's and did not intend to steal anything. On November 8, 2012, Lopez advised Plaintiff that she had moved out of the house and provided Plaintiff with her new address.

More than a month after Lopez moved out, Plaintiff reported an alleged "theft" to the Cherokee County Sheriff's Department. Lopez was not arrested or charged with theft because the Cherokee County Sheriff's Department does not believe that a crime occurred. On December 7, 2012, Plaintiff filed suit against Lopez in Cobb County State Court for the alleged conversion of the same personal property being claimed as "stolen" in the present lawsuit. The State Court considered the "conversion" case to be a domestic dispute and beyond the

3

State Court's jurisdiction. The case was transferred to the Superior Court of Cobb County to be handled in the Court's Family Law Division. The matter is presently pending in that court.

Plaintiff filed a claim with Defendant based on the Allstate policy covering the subject property. Defendant denied coverage and Plaintiff filed suit in the Superior Court of Fulton County alleging breach of contract and bad faith. Defendant removed the case to this Court based on diversity of citizenship. On December 1, 2014, Defendant filed a Motion for Summary Judgment, which is presently before the Court for consideration. Plaintiff has failed to file a response to the Motion, and the motion is therefore deemed unopposed. L.R. 7.1B., N.D. Ga.

## Discussion

### I. Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings,

4

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which

are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Analysis

Plaintiff seeks to recover under the Allstate policy for coverage related to a loss caused by theft or attempted theft. Under Georgia law, coverage for "theft" requires larcenous intent by the person taking the property. Exec. Auto Leasing, Inc. v. Guaranty Nat'l Ins. Co., 170 Ga. App. 860, 863 (1984). The evidence in the present case is uncontradicted that Lopez took only items that she believed rightfully belonged to her and her children. Law enforcement has declined to arrest Lopez or charge her with a crime. Further, the Cobb County State Court determined that a "conversion" did not occur. Plaintiff and Lopez

6

are in the process of going through a legal separation and property division. The removal of the personalty from the subject property is not a theft covered by the insurance policy in issue.

Even if the Court determined that a theft had occurred, coverage of the theft would be excluded by provisions in the Allstate policy. The policy excludes coverage for a theft or attempted theft committed by an insured person. Lopez would qualify as an insured person under the terms of the Allstate policy. The Court concludes that the Allstate policy did not provide coverage for the loss claimed by Plaintiff.

## Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment [12] is hereby **GRANTED**.

**SO ORDERED**, this  7th  day of January, 2015.

_____

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)